JABEZ B. CASWELL v. OCTAVIUS A. MARSAC, RECORDER
OF THE CITY OF BAY CITY.

*Municipal corporations—Proceedings of council—Passage of resolution over mayor's veto.*

Where, upon the delivery to a city council of a message of the mayor refusing to approve a resolution appointing a sidewalk inspector, a motion that the resolution be again adopted, notwithstanding the veto, is declared lost for want of the necessary vote, and an appeal from the decision of the mayor, refusing to treat as properly before the council a demand for a second roll-call, is sustained, and a motion to proceed to the election of a sidewalk inspector is carried .by the vote necessary to the adoption of the vetoed resolution, and a resolution appointing the same candidate to said office is carried by a like vote, the proceedings amount to a passage of the first resolution over the veto.

Error to Bay. (Cobb, J.) Submitted on briefs March 9, 1894. Decided March 20, 1894.

Relator applied for *mandamus* to compel the respondent to draw an order on the city treasurer for the payment of his salary as sidewalk inspector, and brings error to review the order denying the writ. Reversed, and writ granted. The facts are stated in the opinion.

*Simonson, Gillett . & Courtright* and *Pratt, Van Kleeck & Gilbert,* for relator and appellant.

*U. R. Loranger,* for respondent.

GRANT, J.   By the charter of Bay City, the common council is authorized, "if it be deemed expedient," to appoint a sidewalk inspector. The mayor is vested with a veto power over all actions of the council except appointments to office. The council, by resolution, appointed relator to the office. This action was vetoed by the mayor on the ground of its inexpediency. The veto message was delivered to the council, and thereupon a motion was introduced that the resolution be "again adopted, notwithstanding the veto of the mayor." The mayor presided at the meeting, and declared the motion lost by a vote of 14 to 8, 15 votes being necessary to carry it. Thereupon an alderman stated that 15 had voted for the motion, and that the recorder had made an error in the count, and moved that the roll be again called. Another alderman arose to a point of order that there was nothing before the council. The mayor decided the point well taken. An appeal was had from this decision, and the action of the mayor was not sustained. After this and another motion, which is immaterial, it was again moved to proceed to the election of the sidewalk inspector, which was carried by a vote of 15 to 7, and by a like vote the relator was again elected. This action was also vetoed by the mayor.

The only question we need to consider is whether the last resolution was, in effect, the passage of the first over the mayor's veto.   While the good faith of the mayor is not questioned, and his veto message is a strong argument against the expediency of the action, that is solely a question for the determination of the council. Technically, the second resolution is an independent one; but its purpose wrs the same as that of the first, and, taking the proceedings together, we see no escape from the conclusion that

the resolution, which involved the expediency of the appointment, was in fact passed over the veto.

The judgment of the court below is reversed, and the writ of *mandamus* will issue, directing the respondent to draw the order upon the treasurer for the payment of relator's services.

The other Justices concurred.